USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

ANDREW WILLIAMS,

          Plaintiff,

          - against -

JEAN G. KING, Deputy Superintendent of Program
(DSP), IMAM ABDUL LATIF, Facility Muslim
Chaplain, LT. W. MEAD, C.O. R. HUGGLER, and
LT. S. KATZ,
          Defendants.

------------------------------------------------------------------ X

**MEMORANDUM
OPINION AND
ORDER**

11-cv-1863 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    **INTRODUCTION AND BACKGROUND**

        In an Opinion and Order dated August 11, 2014 ("August 11 Order"),

I granted in part and denied in part Defendants' motion for summary judgment.[1]

Williams now requests reconsideration of the Court's dismissal of his First

Amendment retaliation claims against Defendants Katz and Huggler. Additionally,

Williams seeks confirmation that the trier of fact will hear his retaliation claims

against Defendants King and Mead relating to the 2010 disciplinary hearing. In a

---

[1]    *See Williams v. King*, No. 11 Civ. 1863, 2014 WL 3925230 (S.D.N.Y.
Aug. 11, 2014). The Court assumes the parties' familiarity with the facts.

joint letter to the Court dated September 11, 2014, the parties stated their respective positions.[2]

For the following reasons, summary judgment is granted as to Katz and Huggler on the retaliation claims relating to the May 2010 cell search. Additionally, Williams's retaliation claims relating to the February 2013 cell search and the 2010 disciplinary hearing are hereby dismissed.

## II.   MOTION FOR RECONSIDERATION STANDARD

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[3] Reconsideration of a court's previous order is "an  extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[4]  Typical grounds for reconsideration include "an intervening change of

---

[2]      *See* 9/11/14 Letter from Rebecca Rettig and Alexander J. Scolnik, Counsel for Williams, and Michael J. Keane and Inna Ringh, Counsel for Defendants ("Reconsideration Letter").

[3]      *Hochstadt v. New York State Educ. Dept.*, 547 Fed. App'x 9, 10 (2d Cir. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[4]      *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, and 05 Civ.

controlling law, the availability of new evidence, or the need to correct a clear error

or prevent manifest injustice."[5]

## III.   DISCUSSION

### A.   Williams's Factual Clarifications Are Adopted, But Do Not Affect the August 11 Order

Williams asserts that the August 11 Order dismissing the 2010

retaliation claims against Katz and Huggler overlooked the fact that Williams

properly exhausted his grievance relating to the cell search.[6] "Defendants [now]

concede that Williams exhausted his administrative remedies concerning his claims

against defendant Huggler," but argue that Williams failed to exhaust this claim

against Katz because he was not specifically identified in the grievance.[7]

Additionally, Defendants argue that the claim against Katz is time-barred.[8] The

Second Circuit has held that "a New York state prisoner is not required to name

---

4760, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006).

[5]     *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[6]     *See* Reconsideration Letter at 1.

[7]     *Id.* at 4.

[8]     *See id.* at 5.

responsible parties in a grievance in order to exhaust administrative remedies."[9]

Indeed, so long as "'the plaintiff's grievance sufficiently alerted prison officials

that he was alleging some wrongdoing beyond that alleged against the individual

or individuals specifically named in the grievance,'" the Court may find that the

grievance meets the PLRA exhaustion requirements.[10]

In the grievance, Williams requested information about who

authorized Huggler to search his cell.[11]  The grievance was investigated and

responded to and Williams was informed that Katz ordered Huggler to conduct the

cell search.[12]  Woodbourne prison officials were thus sufficiently alerted that

Williams was alleging some wrongdoing beyond that of Huggler's search of the

cell.  Accordingly, I find that Williams fully exhausted his administrative remedies

with respect to Katz and Huggler on the May 2010 cell search grievance as

required by the PLRA.[13]  The retaliation claim against Katz is also timely as

---

[9]         *Espinal v. Goord*, 558 F.3d 119, 126 (2d Cir. 2009).

[10]        *Stewart v. Fischer*, No. 11 Civ. 2184, 2013 WL 5637715, at *6
(S.D.N.Y. Oct. 15, 2013) (citations and quotations omitted).

[11]        *See* 6/22/10 Williams Grievance, WB 14857-10, Bates 162, Ex. 16 to
Rettig Decl.

[12]        *See* Letter from Huggler to Sgt. J. Bowers, Re: Grievance WB 14857-
10, Bates 170, Ex. 16 to Rettig Decl.

[13]        The claims relating to the 2013 cell search and subsequent
disciplinary hearing are dismissed as unexhausted.  While Williams argues that he

Williams filed a motion to amend his complaint to add the 2010 retaliation claim

against Katz on May 9, 2013, within three years of the date on which the claim

arose.[14]

Nonetheless, Williams has failed to state a retaliation claim against

Katz and Huggler with respect to the May 26, 2010 cell search.  As stated in the

August 11 Order, while the Second Circuit has held that a cell search may not

constitute an adverse action, the alleged planting of evidence and other allegedly

disproportionate administrative actions that follow can.[15]  Where Williams's claim

fails, however, is the absence of any proof of causal connection between the cell

search and retaliation for exercising his First Amendment rights by bringing his

earlier grievances.  To support his claim, Williams again offers the statement of

Defendant Latif allegedly made prior to the cell search about the possibility of a

misbehavior report for his "continuous complaints."  In the August 11 Order I

---

exhausted his administrative remedies for this grievance, the purported grievance
was not submitted in opposition to Defendants' motion for summary judgment.
Thus there is no evidence that this claim was exhausted.

[14]    *See* 5/3/13 Notice of Motion to Supplement/Amend Complaint.
"When a plaintiff seeks to add a new defendant in an existing action, the date of
the filing of the motion to amend constitutes the date the action was commenced
for statute of limitation purposes." *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir.
2000).

[15]    *See* August 11 Order, 2014 WL 3952530, at *10.

already considered this statement as evidence against King.[16]  I again hold that

while Latif's statement is admissible as a statement of a party-opponent, his stray

comment standing alone is insufficient to raise a triable issue of fact regarding a

retaliatory motive by either Katz or Huggler and in any event relates to a possible

misbehavior report rather than a cell search.  Because there is insufficient evidence

of any causal connection between Williams's filing of prior grievances and the cell

search, summary judgment is granted to Katz and Huggler on the retaliation

claims.

> **B.    The Retaliation Claims against King and Mead Related to the 2010 Disciplinary Hearing Are Dismissed**

Williams seeks clarification on whether the trier of fact will hear the

First Amendment retaliation claims against (1) King for appointing a biased

hearing officer for Williams's disciplinary hearing relating to the May 2010 cell

search, and (2) Mead for conducting the hearing in a biased manner (collectively,

the "Hearing Retaliation Claims").[17]  Williams argues that because Defendants

failed to move against the Hearing Retaliation Claims in their summary judgment

motion they have thus waived their opportunity to do so now.[18]  Defendants

---

[16]     *See id.*

[17]     *See* Reconsideration Letter at 6.

[18]     *See id.*

contend that they did not move against the Hearing Retaliation Claims because

they believed that Williams voluntarily withdrew those claims by the March 19,

2014 Stipulation of Dismissal With Prejudice.[19]  In the Stipulation, Williams

agreed to dismiss the 2009 Free Exercise claim against Katz, the RLUIPA claim

against all Defendants, and the Due Process claim against Mead arising out of the

disciplinary hearing related to the May 2010 cell search.[20]

By withdrawing his due process claim as to the conduct of that

hearing, it was reasonable to assume that Williams was no longer challenging that

hearing in any respect.  As a result, all claims relating to that hearing, including

King's appointment of Mead as the hearing officer, and Mead's actions in that

hearing, are dismissed.  Accordingly, no remaining claims related to the hearing

will be heard by the trier of fact.

## IV.   CONCLUSION

For the reasons given above, the August 11 Order is clarified and

summary judgment is granted in  the following respects:

1)   Defendants' summary judgment motion as to Williams's First

Amendment retaliation claims against Katz and Huggler is granted;

---

[19]   *See* 3/19/14 Stipulation of Dismissal with Prejudice ("Stipulation").

[20]   *See id.*

2)      Williams's retaliation claim relating to the February 2013 cell search

and subsequent disciplinary hearing is dismissed;

3)      Williams's retaliation claims against King and Mead related to the

2010 disciplinary hearing are dismissed.

The August 11 Order remains in effect in all other respects.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      September 19, 2014
            New York, New York

## - Appearances -

### For Plaintiff:

Rebecca Lauren Rettig, Esq.
Jacqueline Dorothy Harrington, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1774

### For Defendants:

Inna Ringh
Michael J. Keane
Jeb Harben
Assistant Attorneys General
Office of the New York State Attorney General
120 Broadway
New York, NY 10271
(212) 416-8612