# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1712

JOHN W. WHITE
EVAN R. CHESLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL

JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT

YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB

————

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

————

OF COUNSEL

MICHAEL L. SCHLER

March 30, 2015

Williams v. King
No. 11 Civ. 1863 (SAS)

Dear Judge Scheindlin:

      We represent plaintiff Andrew Williams in the above-captioned matter, and write in opposition to defendants' March 25, 2015, letter "supplementing" their motions *in limine* (the "Supplemental Letter" (ECF No. 141)).  In the Supplemental Letter, defendants (1) repeat arguments and objections previously raised in their pretrial filings seeking to exclude relevant evidence and testimony regarding plaintiff's claims; and (2) seek to constructively amend the JPTO by adding a witness disclosed for the first time less than a week ago.  Neither is proper.  We understand that the Court has decided that the newly-disclosed witness may testify, and simply write to record the objection that we previously made orally to the Court's clerk.

**I.    The Court Should Not Preclude Plaintiff From Introducing Relevant Evidence Regarding the Claims That Survived Summary Judgment and Will Be Tried.**

      In the Supplemental Letter, defendants not only repeat an identical argument from their prior motions *in limine*—*i.e.*, that the Court should admit testimony and evidence solely related to "the claims regarding Muharram in 2008 and 2010" (*compare* Mem. Law Supp. Defs.' Mots. *In Limine* (ECF No. 108) at 5-6 *with* Supp. Ltr. at 1-2)—but also rehash their objections to certain of plaintiff's intended trial exhibits raised in the JPTO (submitted Nov. 3, 2014). Because those matters are set to be heard by this Court at the final pretrial conference on April 1, 2015, and plaintiff has responded to these same arguments in opposing defendants' motions *in limine* (*see* Pl.'s Opp'n Defs.' Mot. *In Limine* (ECF No. 123) at 5-6), we respond only briefly to defendants' arguments.

      A.    <u>Plaintiff's Remaining Claims Must Be Heard By the Trier of Fact.</u>

      Defendants seek to limit the matters to be tried—and evidence presented—to (a) deprivations of plaintiff's ability to practice his religion when defendants denied him the right to pray and fast during the Ten Days of Muharram over a multi-year period; and (b) whether the

policy requiring only Shi'ite Muslims to register to practice freely their religion violates the Equal Protection Clause.  (Supp. Ltr. at 1-2.)  They seek to exclude plaintiff's Equal Protection claim based on deprivations of plaintiff's ability to (a) observe the Day of Ghadir on December 6, 2009, Mubahila on December 12, 2009, and Muharram from December 17-27, 2009; (b) participate in the Majlis; (c) attend Thursday evening religious classes; and (d) officiate at Friday Jumah services.[1]  According to defendants, any other claims "did not survive the summary judgment motion or were never in the case to begin with".  (*Id.* at 2.)  They are wrong.

*First*, the Equal Protection claims challenged by defendants have long been part of this case.  They were alleged in the Second Amended Complaint.  (*See generally* Second Am. Compl. (ECF No. 60).)  Each of these deprivations was specifically identified as a basis for both a Free Exercise and an Equal Protection claim in plaintiff's summary judgment briefing.  (Pl.'s Opp'n Mot. Summ. J. (ECF No. 87) at App'x A.)  And each deprivation was clearly set forth in plaintiff's proposed jury instructions—to which defendants have *never* objected.  (Pl.'s Proposed Jury Instructions (ECF No. 113) at 7.)

*Second*, the challenged Equal Protection claims were not dismissed on summary judgment.  *See Williams v. King*, No. 11 Civ. 1863 (SAS), 2014 WL 3925230, at *9 (S.D.N.Y. Aug. 11, 2014) ("There is a genuine issue of material fact as to whether Shiites are similarly situated to other religious sects, yet treated differently by being required to register, in violation of the Equal Protection Clause.").  Defendants concede as much.  (Supp. Ltr. at 2.)[2]  Thus, there is no basis for excluding these claims (or evidence relevant to them, *see* Part I.B. *infra*)).

Thus, for these reasons, and the reasons set forth more fully in plaintiff's opposition to defendants' motion *in limine* (Pl. Mot. *In Limine* (ECF No. 110) at 5-8), the Court should permit plaintiff to introduce evidence relevant to claims that survived summary judgment.

B.   <u>Plaintiff's Exhibits Are Relevant to the Claims to Be Tried.</u>

Defendants use the Supplemental Letter to again object to certain of plaintiff's intended trial exhibits.  (*Compare* Supp. Ltr. at 2 *with* JPTO at 9-12.)  In particular, defendants argue that (i) grievances for claims related to plaintiff's practice as a Shi'ite at Woodbourne (*e.g.*, PX-3, PX-5 through PX-7); and (ii) documents from Woodbourne that show plaintiff practiced as a Shi'ite Muslim (*e.g.*, PX-13 through PX-18, PX-20, PX-23, PX-24), are irrelevant to plaintiff's claims.  That argument is without merit.

As discussed above, plaintiff's Equal Protection claims survived summary judgment and any evidence or testimony relating to those claims is directly relevant to issues that will be heard by the trier of fact.  For example, the exhibits defendants identified are relevant to show, among other things, that defendants knew plaintiff is a Shi'ite Muslim, acted intentionally

---

[1] Plaintiff is not pursuing claims based on the paid module or the fundraiser.  Plaintiff also voluntarily dismisses his Equal Protection claim relating to his participation in the Majlis, and does not intend to pursue that claim at trial.

[2] Any argument that plaintiffs only has standing to assert an Equal Protection claim *after* Woodbourne's records reflected that he is a Shi'ite Muslim (December 30, 2009) would not make sense as it would require plaintiff to comply with the very policy he alleges violates the Equal Protection Clause in order to bring that challenge.

in denying plaintiff his rights, and instituted the challenged registration policy only in April 2009.

Accordingly, for the reasons set forth above and any additional arguments plaintiff presents to the Court at the April 1 pretrial conference, the Court should deny defendants' request to exclude certain of plaintiff's trial exhibits.  (*See* Supp. Ltr. at 2 (seeking to exclude PX-3, PX-5 through PX-7, PX-13 through PX-18, PX-20, PX-23, and PX-24).)

**II.     Brent Yukoweic.**

On a call with counsel for all parties and the Court's clerk, plaintiff orally opposed defendants' request to "substitute" Brent Yukoweic for Sharon Hornbeck as a trial witness.  Our objection was based in part on *Grossman v. Quentin Med. Lab., Inc.*, No. 88 Civ. 3292, 1995 WL 728429, at *1-2 (S.D.N.Y. Nov. 21, 1995), which denied a request to amend a joint pretrial order to "substitute" a witness.

Based on the Court's email order of March 26, 2015, we understand that the Court intends to allow testimony from Mr. Yukoweic, and we write simply to preserve our objection for the record.  Mr. Yukoweic's deposition is set to be held tomorrow, Tuesday, March 31, 2015.

\*     \*     \*

For the aforementioned reasons and those set forth more fully in plaintiff's prior *in limine* briefing (*see* ECF Nos. 110, 123), plaintiff respectfully requests that the Court deny defendants' motion *in limine*, and permit plaintiff to introduce relevant evidence and testimony in support of his claims.

Respectfully,

/s/ Rebecca Rettig

Rebecca Rettig

The Hon. Shira A. Scheindlin
   United States District Court
      Southern District of New York
         Daniel Patrick Moynihan U.S. Courthouse
           500 Pearl Street, Room 1620
              New York, NY 10077

VIA ECF AND EMAIL

Case 1:11-cv-01863-SAS   Document 143   Filed 03/30/15   Page 4 of 4

4

Copy to:

Daniel Schulze, Esq.
Michael J. Keane, Esq.
James Cooney, Esq.
    Office of the Attorney General, State of New York
        120 Broadway
           New York, NY 10271

VIA ECF AND EMAIL