# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1712

JOHN W. WHITE
EVAN R. CHESLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL

JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT

YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
MICHAEL L. SCHLER

March 31, 2015

<u>Williams v. King</u>
<u>No. 11 Civ. 1863 (SAS)</u>

Dear Judge Scheindlin:

        We represent plaintiff Andrew Williams in the above-captioned matter, and write to oppose defendants' letter requesting a discovery conference to quash the document demand appended to plaintiff's subpoena duces tecum to Mr. Brent Yukoweic, who defendants' counsel does not represent (the "Subpoena"). (Defs. Ltr. (ECF No. 142).) As discussed below, defendants' arguments in support of their motion to quash are without merit. Accordingly, plaintiff respectfully requests that the Court require Mr. Yukoweic to comply with the Subpoena's document demand and produce any responsive documents to counsel for plaintiff no later than 24 hours before trial.

I.      <u>Background.</u>

        On March 25, 2015, defendants requested an *in limine* ruling allowing "substitution" of Mr. Yukoweic, for one of their trial witnesses, Ms. Sharon Hornbeck. (Supp. Ltr. (ECF No. 141).) On March 26, 2015, this Court notified the parties that Mr. Yukoweic would be permitted to testify at trial, and that plaintiff would have an "opportunity to depose Mr. Yukowiec before trial". (Mar. 26, 2015, email from K. Brennan-Marquez.) That same day, defendants served the Subpoena, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, included a "command" to "produce designated documents". Fed. R. Civ. P. 45(a)(1)(A)(iii); (Defs. Ltr. Ex. A at Attachment A). The Subpoena's document requests are narrowly tailored to the purported subject matter of Mr. Yukoweic's testimony—New York State policies, procedures and directives that govern the process of ordering, preparing and distributing religious holiday meals, as well as any New York state policies, protocols and directives governing the process of inmates' requesting holiday meals. (*Compare* Defs. Ltr. Ex. A *with* Defs.' Opp'n Pl.'s Mot. *In Limine* (ECF No. 118) at 4-5 (describing the subject matter of the testimony as "the process of ordering of, preparation of, and distribution of religious holiday meals in connection with Muslim holidays from 2008 to 2010").)

On March 27, counsel for plaintiff spoke with Mr. James Cooney, counsel for defendants.  Mr. Cooney agreed to accept service of the subpoena for Mr. Yukoweic, and confirmed that Mr. Yukoweic would bring any responsive documents to his March 31 deposition.  Two days later, on March 29, counsel for defendants made an about face: Mr. Cooney emailed plaintiff's counsel, objecting to the document demand in the Subpoena because the Court's March 25 email order allowed only a deposition, not "new document discovery", and requesting that plaintiff's counsel withdraw the document demand in the Subpoena.  The parties met and conferred about this issue the morning of March 30, at which time counsel for defendants refused to provide the specific basis for their objections to the document demand.  Notwithstanding the Court's order permitting Mr. Yukoweic's deposition, counsel for defendants stated that the demand was "inappropriate" because discovery had previously closed.  Counsel for plaintiff indicated that we were not willing to withdraw the document demand in the Subpoena, and reserved all rights with respect to the Subpoena and Mr. Yukoweic's deposition and trial testimony.[1]  During the meet and confer, counsel for defendants also stated that they do not represent Mr. Yukoweic.

II.     Defendants' Motion to Quash Should Be Denied.

A court must grant a motion to quash a subpoena only in limited circumstances.  *See* Fed. R. Civ. P. 45(d)(3) (specifying four circumstances in which a court must grant a motion to quash or modify a subpoena).  None of those applies here,[2] and none of defendants' objections to the Subpoena's document demand warrants allowing defendants to intervene in an entirely appropriate request made to a non-party pursuant to the Court's order permitting a deposition.  Indeed, defendants' approach here appears designed to render Mr. Yukoweic's deposition and trial testimony un-cross-examinable.

The main basis for defendants' motion—*i.e.*, that the document demand in the Subpoena "is made months after the close of discovery" and "on the eve of trial" (Defs. Ltr. at 2)—is of defendants' own making:  they disclosed Mr. Yukoweic as a potential trial witness less than two weeks before trial.  (Supp. Ltr. at 3.)  Defendants' assertion that plaintiff failed to request these same documents during fact discovery (when he was proceeding *pro se*) (Defs. Ltr. at 1-2) ignores that defendants did not disclose the "failure to timely request religious meals" defense until October 28, 2014, when the parties began preparing for the originally-scheduled trial, and nearly one year after the close of fact discovery.  (*See* Pl. Mot. *In Limine* (ECF No. 110) at 7; *see also* ECF No. 63 (extending fact discovery until November 15, 2013).)  In other words, counsel for defendants appear to concede that were the document demands timely served, they would have been proper, and relevant, responsive documents would have been

---

[1] Contrary to defendants' assertion, plaintiff's counsel did not "insist[] either that the witness comply or that defendants immediately raise the matter with the Court".  (Defs. Ltr. at 1.)

[2] Although defendants raise one of the circumstances in which a court must grant a motion to quash under Rule 45(d)(3)—*i.e.*, that complying the Subpoena's document demand "would be unduly burdensome"—they lack standing to challenge the Subpoena on that ground.  *See U.S. Bank Nat'l Ass'n v. PHL Variable Ins., Co.*, No. 12 Civ. 6811, 2012 WL 5395249 at *2 (S.D.N.Y. Nov. 5, 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party."); *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) ("In the absence of a claim of privilege[,] a party usually does not have standing to object to a subpoena directed to a non-party witness . . . ." (quoting *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975))).

searched for and produced.  Given defendants' reliance on Mr. Yukoweic's testimony at trial, which was not timely disclosed, the same search and production should occur now.

Defendants' assertion that that Mr. Yukoweic "does not have any of the requested documents in his *personal* possession, custody or control" (Defs. Ltr. at 2) is a red herring. Mr. Yukoweic is not testifying in his *personal* capacity here, but rather as a DOCCS employee knowledgeable of the policies, procedures, and directives that govern the "process of ordering, preparation, and distribution of religious holiday meals" at DOCCS facilities.  (*See* Defs.' Opp'n Pl.'s Mot. *In Limine* (ECF No. 118) at 4.)  The very fact that defendants proposed a "substitute" witness makes this clear.  Any purported "burden" in having to search for and produce responsive documents *now*—an argument which defendants lack standing to assert—is mitigated by the fact that the policies, procedures, and directives contemplated by the Subpoena's document requests are directly relevant to the subject matter of Mr. Yukoweic's trial testimony. We presume that counsel for defendants must have reviewed such policies, procedures and directives in determining which individual to "substitute" as a witness for Ms. Hornbeck.  In addition, as counsel for the State, it is inconceivable that counsel would not have reviewed the DOCCS policies, procedures and directives that form the basis for Mr. Yukoweic's testimony, and the "failure to timely request religious meals" defense they seek to assert here.  It is telling that counsel for defendants do not claim that *they* do not have ready access to the documents in question.  Consequently, there is no legitimate basis for refusing to turn those materials over to plaintiff before trial.

For the aforementioned reasons, plaintiff respectfully requests that the Court deny defendants' motion to quash the document demand appended to the Supoena, and order defendants to produce any documents responsive to those requests no later than 24 hours prior to trial.

Respectfully,

/s/ Rebecca Rettig

Rebecca Rettig

The Hon. Shira A. Scheindlin
    United States District Court
        Southern District of New York
            Daniel Patrick Moynihan U.S. Courthouse
            500 Pearl Street, Room 1620
            New York, NY 10077

VIA ECF AND EMAIL

Copy to:

Daniel Schulze, Esq.
Michael J. Keane, Esq.
James Cooney, Esq.
    Office of the Attorney General, State of New York
      120 Broadway
        New York, NY 10271

VIA ECF AND EMAIL